# THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| SUZANNE JOHNSON,<br>205 61st Street, N.E.<br>Apt. # 303<br>Washington, D.C. 20019 | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) |
| WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 Fifth Street, NW<br>Washington, DC  20001-2693 | )  CA No.<br>)  Calendar No.<br>)<br>) |
| Serve: Carol O'Keefe<br>       Acting General Counsel<br>       WMATA<br>       600 Fifth Street, NW<br>       Washington, DC  20001-2693 | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

05-0003201

```
RECEIVED
Civil Clerk's Office

APR 2 6 2005

Superior Court of the
District of Columbia
Washington, D.C.
```

## COMPLAINT

Comes now Plaintiff Suzanne Johnson, ("Johnson") by and through the undersigned counsel, and makes this Complaint against Defendant Washington Metropolitan Area Transit Authority ("WMATA").  In support thereof, Plaintiff Johnson states as follows:

## Parties

1.    Plaintiff Johnson is an individual who resides at the above address.

2.    Defendant WMATA is a public transportation partnership of the District of Columbia, Maryland and Virginia, which is authorized to do and which does business in the District of Columbia.  Defendant WMATA maintains its principle place of business at the above address.

## Factual Background

3.      On November 15, 2003, Plaintiff Johnson was a pedestrian walking north on 7th Street, N.W. at or near its intersection with Pennsylvania Avenue, N.W. in Washington D.C.

4.      On November 15, 2003, Dwaine Branch was driving a Metrobus north on Pennsylvania Avenue, N.W., at or near it's intersection with 7th Street, N.W., owned by his employer, WMATA, in the course and scope of his employment as a bus driver for Defendant WMATA.

5.      Defendant WMATA gave Dwaine Branch authority, either express or implied, to drive its Metrobus on that date.

6.      At approximately 9:35 p.m. on November 15, 2003, on 7th Street, N.W. at or near its intersection with Pennsylvania Avenue, N.W., Dwaine Branch, driving Defendant WMATA's Metrobus, struck and collided with Plaintiff Johnson.

7.      Plaintiff Johnson was crossing the street in a designated cross walk.

8.      The striking and colliding were due to the violations of law and negligence of Dwaine Branch. Dwaine Branch's violations of law and negligence include, but are not limited to, failing to pay full time and attention, speeding excessively under the circumstances, failing to maintain control, failing to exercise ordinary and reasonable care, disregarding traffic signals, and failing to yield the right of way to pedestrians.

9.      As a direct and proximate result of the accident, Plaintiff Johnson suffered bodily injuries which have caused, and will continue to cause, physical and mental pain and suffering for the rest of her life. Plaintiff Johnson has incurred, and will continue to incur, medical, therapeutic, and related expenses. Plaintiff Johnson also sustained

additional damages, including lost wages and the inability to enjoy the normal functions of life.

## Count I: Negligence

10.     Plaintiff Johnson restates and realleges each and every allegation set forth above as if fully set forth herein.

11.     At all times mentioned herein, Dwaine Branch had a duty to operate the Metrobus in a reasonably safe manner, which included paying full time and attention to pedestrians, not driving with excessive speed under the circumstances, maintaining control, exercising ordinary and reasonable care, and yielding the right of way to pedestrians. In violation of this duty, Dwaine Branch caused the accident as set forth herein.

12.     At all relevant times, Dwaine Branch was driving the Metrobus with the permission of Defendant WMATA and in the course of his employment for Defendant WMATA.

13.     Defendant WMATA is responsible for the negligence of Dwaine Branch.

14.     As a proximate result of Dwaine Branch's negligence, Plaintiff Johnson suffered injuries as set forth above.

15.     The above injuries were caused solely and proximately by Dwaine Branch's negligence, without any contributory negligence on the part of Plaintiff Johnson.

* * *

**WHEREFORE,** Plaintiff Johnson respectfully requests judgment against Defendant WMATA each in an amount to be determined at trial but believed to be five

hundred thousand dollars ($500,000.00) in compensatory damages, plus costs of suit, and such other and further relief as this Court deems just and proper.

Dated: April 5, 2005.

RESPECTFULLY SUBMITTED,

Adam R. Leighton, #460184
Wayne R. Cohen, #433629
Cohen & Cohen, P.C.
1000 Connecticut Avenue, NW
Suite 502
Washington, DC  20006
(202) 955-4529
Attorneys for Plaintiff

## Jury Demand

Plaintiff, pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Dated: April 5, 2005.                                RESPECTFULLY SUBMITTED,

Adam R. Leighton, #460184
Wayne R. Cohen, #4333629
Cohen & Cohen, P.C.
1000 Connecticut Avenue, NW
Suite 502
Washington, DC 20006
(202) 955-4529
Attorneys for Plaintiff