IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SUZANNE JOHNSON** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**WASHINGTON METROPOLITAN** )<br>**AREA TRANSIT AUTHORITY** )<br>)<br>**Defendant.** )<br>) | Case No. 05-01064 (RBW)<br>Status Conf.: 11/1/05 @<br>9:00 a.m. |

### REPORT OF LOCAL RULE 16.3 CONFERENCE
### JOINT MEET AND CONFER STATEMENT

Pursuant to the rules of this Court, counsel in the above-styled matter personally spoke on September 21, 2005, and submit this report regarding the issues discussed at their LCvR 16.3 Conference. A proposed Scheduling Order incorporating the parties' report is attached.

**I.   STATEMENT OF THE CASE**[1]

This is a common-law personal injury action whereby Suzanne Johnson claims she was struck and injured by a Metro Bus at 7th and Pennsylvania Avenue, N.W., Washington, D.C. on Saturday, November 15, 2003 at 9:40 p.m. The bus was turning left from northbound 7th Street onto westbound Pennsylvania Avenue. Plaintiff was walking northbound on 7th Street crossing Pennsylvania Avenue. Plaintiff may also rely upon motor vehicle regulations of the District of Columbia Defendant denies it or its bus operator were negligent and assert the defenses of contributory negligence and/or assumption of the risk. Defendant further disputes the extent and nature of plaintiff's alleged injury and damages claims, and disputes she has sustained any

---

[1] This serves as a "statement of the facts of the case and the statutory basis for all causes of action and defenses" required by ¶6 of the Court's General Order.

permanent injuries. This Court exercises jurisdiction over this matter pursuant to the WMATA Compact, D.C. Code 9-1107.01, §81.

##### II. RULE 16.3 REPORT

1. <u>Status of Dispositive Motions</u>. The parties do not believe that this personal injury action is likely to be resolved by dispositive motion following discovery.

2. <u>Amended Pleadings</u>: The parties do not anticipate that it will be necessary to join third parties or amend the pleadings.

3. <u>Assignment to Magistrate Judge</u>: The parties do not consent to assignment of a magistrate judge for trial.

4. <u>Settlement Possibility</u>: The parties believe that mediation may prove beneficial in settlement of this matter; however, the parties believes that mediation should be conducted only after completion of all discovery.

5. <u>Alternative Dispute Procedures</u>: The parties believe that alternative dispute resolution in the form of mediation may be beneficial in this matter; however, the parties believe that mediation will only be fruitful after completion of all discovery.

6. <u>Dispositive Motions</u>: The parties believe that any dispositive motions should be filed within 30 days after close of discovery and that any oppositions and replies should be filed in accordance with LCvR 7 (b) and (d).

7. <u>Initial Disclosures</u>: The parties do not agree to waive initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

8. <u>Discovery</u>. The parties request the limits of 25 interrogatories and 5 depositions. The parties agree to waive the requirement under Rule 26(E)(2)(B) that they provide a list of the other cases where their expert witnesses have testified by deposition or at trial within the preceding 4 years, except each party shall be free to examine any expert witness on this subject during his/her deposition and at trial.

9. <u>Experts</u>: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.  Plaintiff agrees to name her experts and provide the Expert Report(s) within thirty (30) days following the initial scheduling conference on November 1, 2005 and the Defendant agrees to name its experts and provide the Expert Report(s) forty-five days (45) days thereafter.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: At this time, the parties do not believe that bifurcation of this matter is necessary.

12. <u>Proposed Date for the Pretrial Conference</u>: The parties believe that the pretrial conference should be scheduled to allow for completion of discovery and any court ordered mediation prior to the pretrial conference.

13. <u>Trial Date</u>: The parties believe that a trial date should be scheduled after completion of discovery, and after completion of any court ordered mediation.

Respectfully submitted,

(S)_____    (S)_____
Fredric H. Schuster, # 385326                Adam R. Leighton, #460184
Washington Metro Area Transit Authority      Cohen & Cohen
600 Fifth Street, N.W.                       1000 Connecticut Ave., N.W.
Washington, D.C. 20001                       Suite 502
(202) 962-2560                               Washington, D.C. 20006
Counsel for Defendant                        (202)-955-4529
                                             Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SUZANNE JOHNSON** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-01064 (RBW) |
| ) | |
| **WASHINGTON METROPOLITAN** ) | |
| **AREA TRANSIT AUTHORITY** ) | |
| ) | |
| **Defendant.** ) | |

## INITIAL SCHEDULING ORDER

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entire record herein, it this _____ day of _____, 2005 hereby

ORDERED that discovery shall be completed by March 15, 2006, and it is further;

ORDERED that any dispositive motions shall be filed no later than 30 days after the close of discovery, and any oppositions and replies thereto shall be filed in accordance with LCvR's 7 (b) and 7 (d); and it is further

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2), except as stipulated by the parties. Plaintiff shall provide her expert reports within 30 days from the initial scheduling conference on November 1, 2005, and Defendant shall provide its export reports 45 days after Plaintiff's reports are provided.

Date_____          _____
                                                                                            REGGIE B. WALTON
                                                                                            United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZANNE JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-01064 (RBW) |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY ) | |
| ) | |
| Defendant. ) | |

**STIPULATION REGARDING INITIAL DISCLOSURES**

In accordance with Local Rule 16.3, the parties hereby do not waive the initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

Respectfully submitted,

(S)_____
Adam R. Leighton # 460184
Cohen & Cohen
1000 Connecticut Ave., N.W., Suite 502
Washington, D.C. 20006
(202) 955-4529
Counsel for Plaintiff


(S)_____
Fredric H. Schuster, # 385326
Washington Metro Area Transit Authority
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2560
Counsel for Defendant