IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SUZANNE JOHNSON** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 05–1064 (RW) |
| : | |
| **WASHINGTON METROPOLITAN** : | |
| **AREA TRANSIT AUTHORITY** : | |
| : | |
| **Defendant.** : | |
| : | |

**DEFENDANT WMATA'S "CONSENT" MOTION TO MODIFY THE DECEMBER 7, 2005 INITIAL SCHEDULING ORDER**

Pursuant to LCvR 7, Fed. R. Civ. P. 6(b), and the Court's General Order, Defendant WMATA moves the Court to modify the initial December 7, 2005 scheduling order deadlines. Plaintiff "consents" to this motion. An extension of the scheduling order has not previously been requested.

**Memorandum of Points and Authorities**

1.  This is a common-law negligence action. Plaintiff claims that on November 15, 2003, she was struck in a crosswalk by a turning WMATA bus and sustained serious personal and permanent injuries and other consequential damages.

2.  To date, the parties have deposed the Plaintiff and bus operator, and exchanged and responded to the others' interrogatory and production of document requests.

2.  Plaintiff's has undergone extensive medical treatment. Accordingly in January of 2006 WMATA independently issued numerous subpoena duces tecums to obtain all of Plaintiff's medical records and copies of her numerous diagnostic films. Unfortunately, with

the advent of HIPAA regulations, the effort and time for actually receiving subpoened records has become considerably greater.

3.  A review of the medical records received by WMATA via subpoena have demonstrated that Plaintiff had a pre-existed history of the complaints she alleges were caused by the November 15, 2003 accident. Defendant has identified orthopaedic and neurologic medical experts. Independent medical examinations are being scheduled for the near future.[1]

4.  At Plaintiff's March 2, 2006 deposition it was learned that she was being treated by orthopaedic specialist, J. Richard Wells, M.D. A subpoena for all his records/reports has been issued, but not yet responded to. At Plaintiff's deposition, Defendant also learned for the "first time" that she had been recently evaluated by neuropsychologist Katie Coerver and that Plaintiff is now claiming cognitive loss. Dr. Coever's report was just independently obtained. Defendant may have to retain a neuropsychologist. At plaintiff's deposition, Defendant also learned that she had an ongoing EEO complaint against her immediate supervisor at the SEC. Medical records reveal that this ongoing conflict has caused Plaintiff great stress which is a direct cause of some of her complaints. WMATA is in the process of obtaining Plaintiff's employment records from the SEC-an extremely time-consuming task.

Wherefore, Defendant WMATA requests that the time to file it's supplemental Rule 26(a)(2) expert reports be extended to May 15, 2006, that discovery be extended from April 7, 2006 to June 9, 2006, that the case be referred to mediation to occur between June 12, 2006 and

---

[1] WMATA has been waiting until the receipt of complete records before scheduling the examinations.

August 12, 2006, and that the present status conference scheduled for June 16, 2006 at 9:30 a.m. be continued and re-set accordingly.

                                                   Respectfully submitted,

                                                   /s/
                                         Fredric H. Schuster, #385326
                                         600 Fifth St., N.W.
                                         Washington, D.C. 20001
                                         (202)-962-2560
                                         Counsel for Defendant  WMATA

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served electronically upon Adam R. Leighton, Esquire, Counsel for Plaintiff on March 23, 2006.

                                                 /s/
                                         Fredric H. Schuster

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SUZANNE JOHNSON** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 05–1064 (RW) |
| : | |
| **WASHINGTON METROPOLITAN** : | |
| **AREA TRANSIT AUTHORITY** : | |
| : | |
| **Defendant.** : | |
| : | |

**ORDER**

Upon the motion of Defendant with the consent of Plaintiff to modify the December 7, 2005 initial scheduling order, a review of the record herein, and good cause having been shown, it is it is this _____ day of _____, 2006 ordered that the motion is Granted and the December 7, 2005, initial scheduling order is hereby modified as follows:

Defendant's Supp. Rule  26(a)(2) (B) Reports:    May 15, 2006

All discovery closed:    June 9, 2006

Referral to Mediation:    June 12-August 12, 2006

A status conference presently scheduled for June 16, 2006, at @ 9:30 a.m. is cancelled and re-scheduled to _____.

_____
Reggie B. Walton, Judge, United
States District Court, D.C.