IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                   |   |                        |
|-----------------------------------|---|------------------------|
| **SUZANNE JOHNSON**               | : |                        |
|                                   | : |                        |
| **Plaintiff,**                    | : |                        |
|                                   | : |                        |
| v.                                | : | Case No. 05–1064 (RW)  |
|                                   | : |                        |
| **WASHINGTON METROPOLITAN**       | : |                        |
| **AREA TRANSIT AUTHORITY**        | : |                        |
|                                   | : |                        |
| **Defendant.**                    | : |                        |
|                                   | : |                        |

**DEFENDANT WMATA'S MOTION TO COMPEL PLAINTIFF TO REINSTATE HER PRIOR WRITTEN AUTHORIZATION TO OBTAIN HER PERSONNEL/EMPLOYMENT RECORDS FROM THE SECURITIES AND EXCHANGE COMMISSION (SEC), TO EXTEND DISCOVERY AND THE MEDIATION DEADLINES, TO RE-SCHEDULE THE AUGUST 18, 2006 STATUS CONFERENCE, AND FOR ATTORNEYS' FEES**

Pursuant to LCvR 7, Fed. R.'s Civ. P. 7 (b), 37 (a), and the Court's September 19, 2005 General Order, Defendant WMATA moves the Court to compel Plaintiff to reinstate her prior written authorization to obtain her SEC employment/personnel records, to extend discovery by 90 days, and to extend the mediation deadline.

One extension of discovery has previously been granted on April 3, 2006. In accordance with that order, discovery is to be completed by June 9, 2006 and court ordered mediation is to occur between June 12 and August 11, 2006. A mediation had been previously scheduled with Court appointed mediator Ava Abramowitz on June 14, 2006. For reasons stated below in this motion, the scheduled mediation will have to be cancelled and re-scheduled in the future. A status is set for August 18, 2006 at 9:00 a.m. Plaintiff has fired her prior counsel Adam R.

Leighton of Cohen & Cohen. Her new counsel is Edward C. Bou, of Bou and Bou, 1717 K Street, N.W., Suite 407, Washington, D.C. 20006. Mr. Bou's office number is (202)-223-1934.

### LCvR 7(m) Certification

On May 17, 2006, Counsel for WMATA personally discussed the issues raised in this motion with Plaintiff's new counsel Edward C. Bou. Mr. Bou advised counsel he was meeting with Plaintiff the next day and would "get back." However, he has not done so. On May 19, 2006 counsel made a follow-up call to Mr. Bou to discuss these matters and to obtain his position on this motion. He was not in and counsel left a message for him to return his call. He has not done so. WMATA must therefore assume this motion is opposed.

### Memorandum of Points and Authorities

1.  This is a common-law negligence action. Plaintiff, an adjudication lawyer with the SEC, claims that on November 15, 2003, she was struck in a crosswalk by a turning WMATA bus.[1] As a result, she alleges she sustained serious personal and permanent injuries to her head, back, neck, hip, shoulder, leg, arm, and hands. She also now alleges that the accident caused her to sustain cognitive loss. As a result she claims she cannot continue to work as an SEC lawyer, and has taken medical disability leave since January of 2006. Plaintiff claims substantial present and future economic losses and demands judgment in the amount of $500,000. Complaint at ¶9; March 2, 2006, Deposition of Suzanne Johnson; Plaintiff's January 26, 2006, Answers and Responses to Defendants Discovery; and Plaintiff's medical records.

2.  To date, the Plaintiff and bus operator have been deposed[2] and both parties have

---

[1] Liability is disputed.

[2] There are no other eyewitnesses.

exchanged and responded to the others' interrogatory and production of document requests. WMATA has independently subpoenaed[3] all of Plaintiff's medical records[4] and recently obtained neurological and orthopaedic independent medical examinations and reports.

3. At plaintiff's deposition Defendant learned that she had an ongoing EEO complaint against her prior immediate supervisor at the SEC. The complaint was processed internally at the SEC and externally with the EEOC where it is still pending.[5] Subpoenaed medical records revealed that this ongoing conflict had caused Plaintiff great stress which is believed to be the direct cause of some of plaintiff's current complaints.

4. As a result, and in order to obtain Plaintiff's SEC performance evaluations,[6] disability, prior workers' compensation and medical records, and internal and external EEO records, Defendant requested, and at her March 2, 2006, deposition Plaintiff signed an authorization to obtain these records from the SEC. See attachment to exhibit 1.

5. With Plaintiff's voluntary authorization having been obtained, WMATA, on

---

[3]WMATA does not rely upon the medical records merely voluntarily produced in discovery by Plaintiff since more often than not they omit records demonstrating Plaintiff's pre-existing complaints about the same injuries and conditions they claim were solely caused by the subject accident. In the case *sub judice*, the subpoenaed records revealed Plaintiff's long history of pre-existing conditions/injuries.

[4] Plaintiff voluntarily provided WMATA with an executed HIPAA authorization on or about January 16, 2006.

[5]The EEOC website makes clear that it will not respond to third-party requests for documents in an active EEOC case.

[6]Plaintiff promised to voluntarily provide her performance evaluations at her deposition, but failed to do so.

March 24, 2006 made an official Freedom of Information Act (FOIA) request to the SEC. See exhibit 1 attached. By letter dated March 29, 2006, the SEC FOIA Office acknowledged the request. See exhibit 2 attached. On April 5, 2006, Defendant sent a courtesy copy of the FOIA request to the SEC, Office of General Counsel. See exhibit 3 attached.[7]

    6.    On April 13, 2006, Defendant wrote Plaintiff's then counsel Adam R. Leighton requesting certain discovery documents and requesting Plaintiff to obtain available deposition dates of her SEC supervisors. See exhibit 4 attached. No response was received. After learning of Mr. Leighton's recent withdrawal, and Mr. Bou's new appearance, WMATA sent another letter dated May 4, 2006 to Mr. Bou regarding outstanding discovery document requests the need to obtain additional depositions. See exhibit 5 attached.. To date, no response has been received.

    7.    Because of the pending discovery completion date, WMATA monitored the status of it's SEC FOIA request. Based upon conversations with SEC FOIA representative Felecia Taylor (who replaced Diane White) all records had been finally gathered, except the requested SEC EEO discrimination complaint records. As to those records, it was arranged through counsel's suggestion that he personally go to the SEC EEO Office to inspect the records personally, and identify those records he deemed relevant so those records alone could be copies. A convenient date for the inspection was sought to be arranged for the week of the 15th or 22nd of May, 2006.

---

[7] WMATA's only interest in and use of these documents is for the purpose of this litigation. Evidence of pre-existing injuries/complaints and other events which might explain Plaintiff's current complaints go directly to the issue of injury and damage causation. To the extent plaintiff has a relevancy or other legal objection, this may be raised, addressed, and argued through objections in the pretrial statement and at the pretrial conference, and through a motion *in limine*.

8.     However, upon calling the SEC FOIA Office on May 15, 2006, counsel for Defendant for the **first time** learned that by letter dated May 9, 2006, Plaintiff had "revoked any prior authorization for release of her records." Therefore, the SEC now refused to provide the voluminous documents it had previously gathered in respond to WMATA's prior FOIA request. It determined that without Plaintiff's authorization the "release of the information would constitute a clearly unwarranted invasion of personal privacy." See Exhibit 6, May 11, 2006, SEC FOIA Office letter attached. Neither Plaintiff, or her new counsel ever notified Defendant that she had recently revoked her prior authorization, nor was a copy of the May 9, 2006 letter sent to Defendant.

9.     According to the SEC FOIA office, WMATA's prior FOIA request is now "officially closed." In order to obtain Plaintiff's requested personnel/employment records, WMATA must now make a **new** FOIA request with Plaintiff's new written authorization for release of the records.

10.    As a result of Plaintiff's recent unexplained revocation, two (2) months of discovery time and effort has now been needlessly wasted. Any new FOIA request will be subject to another lengthy wait for a response.

Wherefore, Defendant WMATA requests that: 1) Plaintiff be ordered to execute a new authorization permitting the release of those SEC personnel/employment records previously requested in WMATA's prior FOIA request, 2) that discovery be extended for an additional 90 days, or until September 8, 2006 for the purpose of obtaining Plaintiff's SEC records through FOIA and in order to take additional requested depositions, 3) that Plaintiff be ordered to respond to the discovery related requests set forth in WMATA's April 13 and May 4, 2006 letters; 4) that

the current dates for mediation to be concluded be extended to September 11-November 9, 2006;

5) that the current August 18, 2006 status conference be cancelled, and re-scheduled until sometime during the week of November 13; 2006 and 6) that WMATA be awarded attorneys' fees for having to file this motion.

Respectfully submitted,

/s/
Fredric H. Schuster, #385326
600 Fifth St., N.W.
Washington, D.C. 20001
(202)-962-2560
Counsel for Defendant  WMATA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion with exhibits and proposed order was served by first-class mail, postage prepaid, this 17th day of May, 2006, to Plaintiff's new counsel, Edward C. Bou, Bou & Bou, 1717 K Street, N.W., Suite 407, Washington, D.C. 20006.

/s/
Fredric H. Schuster

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SUZANNE JOHNSON** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. 05–1064 (RW) |
| | : | |
| **WASHINGTON METROPOLITAN** | : | |
| **AREA TRANSIT AUTHORITY** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

### ORDER

Upon the motion of Defendant to compel Plaintiff to reinstate her prior authorization to obtain/release her SEC employment/personnel records, to extend discovery and the period for completing mediation, to reschedule 18, 2006 status conference, and for other relief, any opposition thereto, and a review of the record herein, and good cause having been shown, it is it is this _____ day of _____, 2006 ordered that the motion is Granted. It is further ordered that Plaintiff Suzanne Johnson execute and provide Defendant a new release authorizing the release of all of her SEC employment/personnel records, included those set forth in it's original SEC FOIA request within 5 days of this order, that discovery shall be extended until September 8, 2006, that mediation shall be conducted and completed between September 11, 2006 and November 9, 2006, that the present status conference scheduled on August 18, 2006 is cancelled and rescheduled until November ___, 2006 at _____a.m./p.m. Plaintiff will further respond to Defendant's April 13, 2006, and May 4, 2006 letters and provide the requested deposition dates and requested discovery materials within 10 days of this order. Defendant will

further submit an application for attorneys' fees within 10 days with any opposition and reply to be filed in accordance with Local Rule.

                                                        _____
                                                        Reggie B. Walton, Judge, United
                                                        States District Court, D.C.