IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZANNE JOHNSON : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 05–1064 (RW) |
| : | |
| WASHINGTON METROPOLITAN : | |
| AREA TRANSIT AUTHORITY : | |
| : | |
| Defendant. : | |
| : | |

## DEFENDANT WMATA'S REPLY TO PLAINTIFF'S OPPOSITION TO WMATA'S MAY 19, 2006 MOTION TO COMPEL

Plaintiff's opposition does not address any of the substantive arguments of Defendant's Motion to Compel. Instead, she first relies upon "form over substance," arguing that Defendant's informal written discovery requests should be denied merely because they were not **formally** requested in accordance with Rule 33 or 34 . Opp. at ¶1. She is apparently referring to Defendant's Exhibits 4 and 5, the April 13 and May 4, 2006 letters to Plaintiff's former and present counsel. These letters addressed various outstanding discovery matters and requested copies of various discovery documents, some of which, like Plaintiff's performance evaluations, she had promised, but failed to voluntarily produce. It is noteworthy that Defendant's May 4, 2006 letter also specifically advises Mr. Bou that he should contact WMATA "immediately" if he demanded a "formal" Rule 34 request for the discovery materials. To date, no such request was made. These type informal discovery requests between co-operating and experienced counsel are routinely made and responded to without involving the Court.

The remainder of Plaintiff's opposition focuses on her bald assertion that the materials sought are merely not relevant and are "designed to embarrass or harass her." Opp. at ¶ 3. "One of the most significant aspects of discovery under the Federal Rules is that '[t]he information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. This aspect of discovery is integral to maintaining discovery as largely party directed, and without immediate judicial participation. Information is discoverable if it is relevant to the claims or defenses of any party; inadmissible at trial does not bar a discovery request." *Moore's Federal Practice*, 3rd ed., vol. 6 (Lexus/Nexus 2006), §26.42. As set forth in WMATA's Motion to Compel, Plaintiff's "subpoened" medical records show a pre-accident history of memory and cognitive loss and other records discuss the stress caused Plaintiff resulting from an ongoing EEO complaint with her SEC supervisors. In the instant case Plaintiff contends she has suffered from severe emotional injuries resulting from the subject accident and seeks compensation for those injuries. She has been on medical disability leave and unemployed since January of 2006. Plaintiff's EEO records may reveal explanations for her emotional state, disability, and injury claims entirely unrelated to the subject accident. In the first instance, WMATA itself, not Plaintiff, should determine what it considers relevant to that issue. If Plaintiff disagrees with WMATA's conclusions, her objections to the admissibility of any such information obtained through these employment records can/will be fully preserved and protected by making her objections and arguing them at the pretrial conference, and/or by filing an appropriate motion *in limine*. After being fully briefed, the Court can decide upon the relevancy and admissibility issues.

Finally, WMATA's has no intention of utilizing any information it requests and obtains in discovery for any purpose other then defending the issues raised in this law suit and would gladly enter into a protective order to that effect. Plaintiff's suggestion that it seeks to use this information to embarrass and harass her is baseless.

Respectfully submitted,

/s/
Fredric H. Schuster, #385326
600 Fifth St., N.W.
Washington, D.C. 20001
(202)-962-2560
Counsel for Defendant  WMATA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically upon Edward C. Bou, Counsel for Plaintiff on June 20, 2006.

/s/
Fredric H. Schuster

Case 1:05-cv-01064-RBW    Document 13    Filed 06/19/2006    Page 4 of 4