UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
SUZANNE JOHNSON,                   )
                                   )
           Plaintiff,              )
                                   )
      v.                           )   Civil Action No. 05-1064  (RBW)
                                   )
WASHINGTON METROPOLITAN            )
AREA TRANSIT AUTHORITY,            )
                                   )
           Defendant.              )
_____)


## ORDER FOR PRETRIAL CONFERENCE

**(Judge Walton)**

To facilitate the expeditious resolution of the above-captioned civil case in a manner that is fair to the litigants and to achieve the objective of resolving this litigation at the least possible cost, it is on this 27th day of July, 2006, hereby

ORDERED that counsel for the plaintiff(s) and the defendant(s) are directed to comply with each of the following directives:[1]

(1)   COMMUNICATIONS WITH THE COURT:

Counsel should endeavor to keep communications with the court to a minimum. Counsel are advised that chambers staff **cannot** provide legal advice of any kind. Ex parte communications on matters other than scheduling matters are prohibited. Communications concerning scheduling matters should be directed to the court's

---

[1] The court will hold counsel responsible for following the directives set forth in this order. Failure to conform to this order's directives may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 16(f).

Courtroom Deputy Clerk, Ms. Mattie Powell-Taylor at (202) 354-3184, or if she is unavailable, to the staff person in the Clerk's Office designated as her substitute. If it becomes absolutely necessary for counsel to contact chambers, it should be done jointly pursuant to a telephone conference.

(2)  **MOTIONS FOR EXTENSIONS OF TIME**:[2]

Motions for extensions of time are strongly discouraged. Parties should not expect the court to grant extensions, absent a showing of good cause. Motions for extensions of time shall be filed at least four (4) business days prior to the deadline the motion is seeking to extend. All motions for extensions must include the following, otherwise they will be summarily denied by the court:

(a) how many, if any, previous extensions of time the court has granted to each party;

(b) the specific grounds for the motion;

(c) a statement of the effect that the court's granting of the motion will have on all other previously scheduled deadlines;

(d) in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested deadline for the filing of the opposition and reply;[3] and,

(e) pursuant to Local Civil Rule 7(b), the moving party shall include a statement of opposing counsel's position on the motion.

---

[2] The court will not entertain stipulations concerning extensions of time. Parties must file a motion when seeking an extension.

[3] The deadline for the opposition should be suggested after consulting with opposing counsel.

(3) <u>JOINT PRETRIAL STATEMENT</u>:

The parties shall prepare a Joint Pretrial Statement rather than separate pretrial statements. The Joint Pretrial Statement shall be prepared as follows:

(a) Counsel for plaintiff(s) shall arrange a face-to-face conference with opposing counsel. The objective of the conference shall be the preparation of the joint pretrial statement. In addition, at this conference, counsel shall discuss prospects for settlement;

(b) Counsel for plaintiff(s) shall file with the court and serve the joint pretrial statement on opposing counsel no later than **11 calendar days** before the date of the pretrial conference. The submissions of all counsel shall be included in the statement;

(c) The joint pretrial statement shall include:

(1) All information required by Local Civil Rule 16.5(b);

(2) A neutral statement of the case appropriate to be read to the jury during jury selection;

(3) All stipulated facts (both already agreed and proposed);

(4) Stipulations concerning authenticity of documents and admissibility of exhibits (both already agreed and proposed);

(5) A list of witnesses scheduled to be called by each party to testify at trial along with a brief description of their anticipated testimony and an estimate of the duration of such testimony. Opinion witnesses shall be designated by an asterisk. Witnesses

called for impeachment purposes only need not be listed. No party may call at trial (except for impeachment purposes) any witness not listed in the Pretrial Statement. If there is an objection to a witness or the anticipated testimony of a witness, for whatever reason, objections and their grounds must be noted in the Pretrial Statement or they will be deemed waived;

(6) A list of motions to be decided before or at the commencement of the trial;

(7) Proposed amendments to the pleadings; and

(8) An estimate of how long the trial will last.

In addition, if either party has made a jury demand, the Joint Pretrial Statement shall also include:

(9) Any waiver of jury trial;

(10) Proposed and agreed upon jury voir dire questions; and

(11) Proposed and agreed upon jury instructions. The parties shall provide the court with any proposed non-standard blue book jury instructions[4] on a 3.5 inch high density disk, formatted in Microsoft Word or WordPerfect. If either party objects to any portion of the jointly submitted jury instructions, the objecting party shall identify for the court (1) the objectionable portion of the instructions, (2) the basis for the objections, and (3) proposed alternate instructions, if

---

[4]This refers to the Young Lawyers Section of the Bar Association of the District of Columbia's Standardized Civil Jury Instructions for the District of Columbia.

        alternatives are deemed appropriate. Each proposed non-standard blue book jury instruction or objection thereto shall include citations to supporting authority. Citations to standard or pattern instructions are only appropriate if the instructions are being offered verbatim.

        (12) Each party shall provide a brief summary of the testimony of the witnesses they intend to present.

        (13) If there are unusual issues of fact or law that have not already been addressed by the court or raised in written submissions by the parties, trial briefs addressing these matters shall be attached to the Joint Pretrial Statement as addendums.

(d)    Objections to any portion of the joint pretrial statement shall be briefed and lodged as an addendum that shall be filed simultaneously with the joint pretrial statement. The objecting party shall both summarize and fully brief the grounds for the objection and shall cite authority in support thereof. Responses shall be lodged in a like format. The parties shall confer to set a schedule that facilitates the full briefing of objections in advance of the due date for the joint pretrial statement. Or, if the parties cannot agree on a schedule, the parties are directed to exchange objections no later than **ten (10) calendar days** before the date due of the joint pretrial statement and to exchange responses no later than **five (5) calendar days** before the joint pretrial statement is due. Replies, if any, are due no later than **two (2) calendar days** before the joint pretrial

      statement is due.

    (e)    The parties are to submit a proposed verdict form to the court, including any proposed special interrogatories (on the same computer disk referenced above).

(4)    <u>NON-JURY CASES</u>:

In non-jury cases, the parties may be requested at the conclusion of the trial to present to the court their respective proposed findings of fact and conclusions of law.

(5)    <u>MOTIONS IN LIMINE</u>:

Motions in limine shall be filed with the court and served on opposing counsel no later than **twenty (20) calendar days** before the date of the pretrial conference; oppositions shall be due no later than **fifteen (15) calendar days** before the pretrial conference; and replies shall be due no later than **ten (10) calendar days** before the pretrial conference. Counsel shall hand-deliver courtesy copies of these submissions to the court's chambers.

(6)    <u>SETTLEMENT</u>:

Counsel are expected to evaluate their respective cases for the purpose of settlement. The court encourages the use of alternative dispute resolution, e.g., mediation or neutral case evaluation, and referral to some form of alternative dispute resolution will be the norm if such efforts have not already occurred. The use of these methods are available at any time, as is a settlement conference before a magistrate judge or the presiding judge. If counsel are interested in pursuing these options, they may contact chambers at any time. If the case settles in whole or in part, plaintiff's

counsel shall promptly advise the court.

(7)     MOTIONS FOR RECONSIDERATION:

"Motions for Reconsideration" of a prior court ruling are strongly discouraged. Such motions shall be filed only when the requirements of Fed.R.Civ.P. 59(c) and/or 60(b) are satisfied. If a motion for reconsideration is filed, it shall not exceed **ten** pages in length. Oppositions and replies also may not exceed this page limitation. Moreover, the court will not entertain: (a) motions which simply reassert arguments previously raised and rejected by the court; and (b) arguments which should have been previously raised, but are being raised for the first time in the "Motion for Reconsideration." See, e.g., National Trust v. Department of State, 834 F. Supp. 453, 455 (D.D.C. 1995).

It is **FURTHER ORDERED** that:

- A pretrial conference shall be held on May 11, 2007 at 9:30 a.m. in the Chambers of the Honorable Reggie B. Walton at the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W. Washington, D.C. 20001.

It is **FURTHER ORDERED** that the plaintiff and someone with settlement authority for the defendant[5] be present at the pretrial conference.[6]

---

[5] If an insurance company will be responsible for approving a settlement, a representative of the company with ultimate settlement authority must be present, unless prior authorization is obtained from the Court for the representative to be available by telephone while the pretrial conference is being conducted.

[6] Non-compliance with this directive will result in the pretrial hearing being rescheduled and the non-compliant party shall be held responsible by the Court for the payment of any expenses incurred by the other party in preparing for and attending the cancelled pretrial conference.

**SO ORDERED.**

                    Reggie B. Walton
                    United States District Court Judge