

January 2, 2007

Edward C. Bou, Esquire
Bou & Bou
1717 K Street, N.W.
Suite 407
Washington, D.C. 20036

Re: <u>Suzanne Johnson v. WMATA</u>, C.A. 05-1064

Dear Ed:

    Enclosed is Dr. Anderson's December 14, 2007 Addendum to his 5/1/06 report. I received this today upon my return from vacation.

    Secondly, although I have written you on several occasions to take the supplemental deposition of Ms. Johnson, to depose Dr. Hari-Hall, and to obtain her "raw testing data," to date I have still not received a response. I spoke to your secretary last week and discussed this, but have not heard back from you. Your client was out of town the last time we sought to take her supplemental deposition.

    Lastly, by Court order, the mediation in this matter is to be concluded between January -March 2, 2007. With the remaining discovery and other matters it is necessary to file a motion to extend discovery and to extend the mediation deadline.

    Ms. Sampeck is working on her report. However, it takes time to examine the voluminous records in this case, including the over 900 SEC records only finally obtained in mid November, 2006. Will you consent to the motion?

**Washington Metropolitan Area Transit Authority**

600 Fifth Street, NW
Washington, DC 20001
202/962-1234

By Metrorail:
Judiciary Square—Red Line
Gallery Place-Chinatown—
Red, Green and
Yellow Lines
By Metrobus:
Routes D1, D3, D6, P6,
70, 71, 80, X2

*A District of Columbia, Maryland and Virginia Transit Partnership*



Page 2

Sincerely,

Fredric H. Schuster
Associate General Counsel
WMATA
(202)-962-2560

Enclosure: Addendum

**FRANK H. ANDERSON, M.D.**
5454 Wisconsin Avenue, Suite 820
Chevy Chase, Maryland 20815

Tel: (301) 652-0881                 **Neurology & Headache**                Fax: (202) 362-0885

December 14, 2006

**INDEPENDENT MEDICAL EXAMINATION**

**ADDENDUM FOLLOWING REVIEW OF NEW RECORDS**

Re:     Suzanne Johnson

I neurologically evaluated Suzanne Johnson and reviewed her records on 4/24/06 resulting in the report of May 1, 2006. On 12/13/06 I was provided three additional volumes of her records: 1) 2001 to 2006 U.S. Securities and Exchange Commission Performance Evaluations, 2) Equal Employment Opportunity complaint records and 3). Social Security Disability Determination records.

Suzanne Johnson began her employment at the Office of General Counsel of the SEC in November of 2000. Reports are available from 2001 to May 19, 2006, including the 12-month performance cycle from May 1, 2005 to April 30, 2006. Reports cover her performance throughout the years of her employment. She did not receive an unacceptable rating during any of her time at the SEC. She attests to the fact that on her performance rating history dated 11/28/05, she received the highest rating possible. Specifically, during the review period May 1, 2004 to April 30, 2005 in an memorandum dated June 8, 2005 to Assistant General Counsel Joan A. McCarthy, Ms. Johnson characterizes her responsibilities as "numerous, analytic, organizational, communications and collaborative challenges" and that during the evaluation period she "timely completed assignments that contributed to Adjudications' succesfull results."

Suzanne Johnson filed an EEO complaint against the Security and Exchange Commission for discrimination based on disability and race on January 11, 2006. Included is Ms. Johnson's job description as a staff attorney in the Office of the General Counsel Adjudication Group indicating the high level of cognitive function that is required. The complainant's statement filed on January 11, 2006 indicates that Ms. Johnson has "undisputebly performed exceptably.... and has been able to meet all the essential functions of her position".

In the proceedings held on 4/20/06 Suzanne Johnson reports that "there has never been any question about my ability to do my job". When asked about her performance after the accident of 11/15/03, Ms. Johnson answers that there was "never any question about my performance". Later Ms. Johnson states that her doctor in a medical certification said that she is "fully able to perform the essential tasks of my job,. it is reflected in my performance evaluations".

Suzanne Johnson                                                       - 2
December 14, 2006

A U.S. Department of Labor report in this file also notes that the patient suffered an injury on 11/25/02 when her shoe caught causing a fall on her right shoulder, back and knee.

In a letter dated 7/29/05 from the Law Offices of HENRICHSEN SIEGEL Josh Burton reports that "since her return from her injury, Ms. Johnson has always received positive performance evaluations and successfully performed the full duties of her job. Thus after Ms. Johnson provided her initial medical documentation, there was no need to make medical inquiries to determine her ability to perform the essential functions of her job" (The injury referred to was that of 11/15/03). Also Mr. Burton states "Ms. Johnson's injury has never compromised her performance or her capacity to meet any assigned work" and "Ms. Johnson's condition has not impacted her ability to successfully perform her full workload and other duties".

Records of her Social Security Disability application mostly consist of the records that I have previously reviewed in my report of May 1, 2006. On September 21, 2006 Ms. Johnson received approval of her application for disability retirement. In her Social Security Disability records the patient reports that her disability began on 1/9/06. The information in her Disability Determination Application is not consistent with her SEC performance evaluations or her EEO complaint records.

I have also had the opportunity to review Ms. Johnson's deposition taken in March of 2006, under oath, which demonstrated her ability to perform at a high cognitive level.

**CONCLUSION:**
My impression remains that Ms. Johnson did not have any permanent injury produced by the accident of 11/15/03. There may have been a temporary exacerbation of her pre-existing symptoms, but after a few weeks the effects of the injury would have worn off and she would have returned to her baseline level.

The additional records provided to me now indicate that by the patient's own admission and by the statements of her attorney in her EEO complaint and by her reports and her performance evaluations at the SEC, she was able to function satisfactorily as a staff attorney in the Office of the General Counsel Adjudication Group. With this additional information my impressions and conclusions from 5/1/06 are further confirmed.

Frank H. Anderson, M.D.

FHA:mi

cc:    Fredric H. Schuster, Esquire